SUMMARY ORDER

Appellant Raymond Wright, pro se, appeals the district court’s dismissal of his complaint for failure to state a cause of action. We assume the parties’ familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.
We review the district court’s sua sponte dismissal of a complaint de novo, bearing in mind that, under 28 U.S.C. § 1915(e)(2), a court shall dismiss a complaint if it determines that it fails to state a cause of action upon which relief can be granted. Here, the district court properly dismissed Wright’s complaint for failure to state a claim. Wright’s complaint alleged claims under: (1) the Fair Credit Reporting Act (“FCRA”); (2) the Fair Debt Collection Practices Act (“FDCPA”); (3) the First Amendment and the Due Process Clause; and (4) state contract law.
First, Wright’s claim under the FCRA failed as a matter of law because neither Zabarkes nor the Waterside Plaza, L.L.C. qualify as “consumer reporting agencies” under 15 U.S.C. § 1681a(f), and the rent demand letter and the validation notice were not “consumer reports” under 15 U.S.C. § 1681a(d)(l). Second, Wright’s claim under the FDCPA was time-barred because the events at issue in his complaint — namely, the issuance of the rent demand letter and the validation notice— occurred in April 2006, and he did not to file his complaint until September 2007. See 15 U.S.C. § 1692k(d) (an action under the FDCPA must be brought within one *672 year from the date the violation occurred). Wright’s assertion that a September 2006 letter from the Defendants should have been used as the date his claims accrued is without merit, because nothing in that letter concerns rent collection. Third, Wright’s constitutional claims failed to state a cause of action because he failed to include any factual allegations indicating a nexus between the conduct of the Defendants — all of whom are private actors— and state action. See Edmonson v. Leesville Concrete Co., Inc., 500 U.S. 614, 619, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991) (“The Constitution’s protections of individual liberty ... apply in general only to action by the government.”). The mere provision of federal subsidies to the Defendants does not transform their otherwise private conduct into state action. See Rendell-Baker v. Kohn, 457 U.S. 830, 840, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982) (cited in Horvath v. Westport Library Ass’n, 362 F.3d 147, 152 (2d Cir.2004)).
Accordingly, because the district court properly dismissed Wright’s federal claims, it did not err by declining to exercise supplemental jurisdiction over his state contract claim. See Castellano v. Bd. of Trs. of Police Officers’ Variable Supplements Fund, 937 F.2d 752, 758 (2d Cir.1991) (“Certainly, if federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.”). We have considered all of Wright’s remaining claims of error and determined them to be without merit.
For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.